### WEBER, ADMINISTRATOR, *v.* HOME BENEVOLENT SOCIETY.

[No. 2,653.   Filed January 4, 1899.]

BENEVOLENT SOCIETY.—*Construction of Policy.*—*Suicide.*—A policy of insurance in a mutual benefit society designated five instances in which there should be a participation in the benefit fund of the society, the last of which was that the sum of $100 would be paid as a funeral fund, "if death shall result from any cause at any time while this member is in good standing." There was a further provision that "no benefits will be paid for self-inflicted injuries." *Held*, that the company was not liable for the funeral benefit upon the death of the member by suicide.

From the Allen Superior Court.   *Affirmed.*

*George W. Louttit*, for appellant.

*Robert B. Dreibelbiss*, for appellee.

BLACK, C. J.—This was an action brought by the appellant as administrator of the estate of Henry Vogtlin, deceased, against the appellee, to recover $100 as a funeral fund under a policy of insurance issued by the appellee to the intestate. The court overruled a demurrer to the fourth paragraph of answer, and this ruling is assigned as error.

By the policy upon which the action was founded, it was provided that the intestate, as a member of said society, should be entitled to participate in the "benefit fund" of the society as follows: First, a specified amount per week, not exceeding fifty-two weeks, should he receive bodily injuries by reason of which he should be immediately and wholly disabled, so as to cause a total loss of time, etc.; second, a certain sum specified for permanent total disability, not expressly limited by the policy as to the cause; third, if such injuries alone should sever either hand or foot, he should be entitled to a specified amount; fourth, a designated sum per week, not more than thirty weeks, for sickness or disease causing a total loss of time, etc.; fifth, "if death shall result from any cause at any time while this member is in good standing, then this society shall, upon satisfactory proof of the death of such member, pay to his estate, if living, if not living to his heirs or legal representatives of this member, $100 as a funeral fund." The policy then proceeded as follows: "No benefits will be paid for self-inflicted injuries." The material question raised by the fourth paragraph of answer was whether or not there could be a recovery of this funeral fund in case of the suicide of the member, the defense set up by that paragraph being based upon the provision of the policy, that "no benefits will be paid for self-inflicted injuries." The policy designated five instances in which there should be participation in the "benefit fund" of the society. The funeral fund was one of these benefits. Some of the instances designated as occasions for paying benefits included "bodily injuries" having described effects; others included disability, the cause not being expressly designated, and disability from sickness, and death resulting from any cause, including, of

course, death caused by bodily injury, and death caused by sickness. Immediately following the statement of this last instance was the provision that no benefits—that is, no share in the benefit fund, and, therefore, it would seem, no funeral benefit—should be paid for self-inflicted injuries. The provision for payment if death should result from any cause would seem to have been expressed in the broad and inclusive terms employed for the reason that the specific instances of disability previously designated were separately described as disability from bodily injury, as disability from sickness, and as disability the cause whereof was not stated. The funeral fund would be paid whether the death were caused by violence resulting in bodily injury or from sickness, however caused, or of whatever character. There is some obscurity in the policy, but we think it was the intention that in case of self-inflicted injury there should be no payment of benefit, whether the injury resulted in mere disability or in death.

The court sustained a demurrer to a paragraph of reply to the fourth paragraph of answer. The discussion of counsel concerning this ruling relates only to the construction of the policy. If what we have already said upon that subject is correct, the court below gave a proper construction to the policy. The judgment is affirmed.